**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 09-2051-MD-ALTONAGA**

**In re:**

**DENTURE CREAM PRODUCTS**
**LIABILITY LITIGATION**
_____/

This Document Relates To Case No. 09-80625-CIV-ALTONAGA
*Chapman, et al. v. The Procter & Gamble Distributing LLC, et al.*

**ORDER**

**THIS CAUSE** came before the Court on Plaintiffs, Marianne Chapman and Daniel Chapman's ("Plaintiffs[']") Motion Pursuant to Rule 60(b) for Relief from Final Judgment ("Motion") [ECF No. 1757][1], filed March 27, 2012.  Defendants, The Procter & Gamble Distributing LLC and The Procter & Gamble Manufacturing Company (collectively, "Procter & Gamble" or "Defendants"), filed a Response [ECF No. 1787] on April 13, 2012; and Plaintiffs filed a Reply [ECF No. 1799] on April 23, 2012.  The Court has carefully considered the Motion, the parties' submissions, and the applicable law.

**I.      LEGAL STANDARD**

Plaintiffs ask for relief from a final judgment on the basis of mistake, pursuant to Federal Rule of Civil Procedure ("Federal Rule") 60(b), which provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect."  FED. R. CIV. P. 60(b)(1).  Such motion may also be granted for "any other reason that justifies relief."  *Id.* 60(b)(6).  Federal Rule 60(b) "should be construed in order to do substantial justice, . . . but this

---

[1]  The docket entry numbers herein refer to No. 09-02051-MD-ALTONAGA.

does not mean that final judgments should be lightly reopened." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (internal citation omitted). "The provisions of this rule must be carefully interpreted to preserve the delicate balance between the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Id.* (internal quotation marks and citation omitted). Federal Rule 60(b) motions are "directed to the sound discretion of the district court." *Id.*

## II.     ANALYSIS

On June 13, 2011, the Court issued an Order ("June 13 Order") [ECF No. 1194] granting *Daubert*[2] motions to exclude Plaintiffs' proposed expert testimony. Thereafter, hearings were held before the Court on June 14 and 16, 2011 ("June Hearings"). (*See* Mot. 1; [ECF Nos. 1216, 1332]). Upon the completion of the hearings, the Court entered an Order on June 20, 2011 ("June 20 Order") [ECF No. 1238] directing the parties to "file a proposed order for entry of judgment against Plaintiffs that preserves Plaintiffs' right to appeal the Court's June 13 Order [ECF No. 1194] granting Defendant's *Daubert* motions." (June 20 Order). The parties submitted a Joint Stipulation of Dismissal With Prejudice ("Joint Stipulation") [ECF No. 1262-1], and the Court accordingly entered final judgment against Plaintiffs on June 24, 2011 ("Final Judgment") [ECF No. 1283].

Plaintiffs now seek relief from the Final Judgment under Federal Rule 60(b)(1), arguing that all parties and the Court mistakenly believed the Final Judgment would be appealable. This belief was repeated at the June Hearings and reflected in the Court's June 20 Order. At the June Hearings, the parties discussed whether they should stipulate to summary judgment, go through formal briefing on summary judgment, or simply consent to entry of final judgment preserving the right to appeal the *Daubert* ruling. The parties agreed, with the Court's approval, to have

---

[2] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

final judgment entered with the intent of preserving the right to appeal the June 13 Order. Neither party disputes the *intended* effect of the Joint Stipulation.  However, the parties do dispute whether the Joint Stipulation failed to result in an appealable Final Judgment as a result of mistake.

The Joint Stipulation stated, "this Court issued its June 13, 2011 Order excluding the opinions of Plaintiffs' experts . . . .  As a result, Plaintiffs stipulate to: 1) the entry of judgment against them on all claims alleged against Defendants; and, 2) the entry of dismissal with prejudice on all Plaintiffs' claims alleged against Defendants."  (Joint Stipulation 1–2).  But the document also stated, "Plaintiffs continue to maintain that sufficient evidence remains to permit Plaintiffs to proceed to trial despite this Court's June 13, 2011 Order . . . , however, the Court has not rendered an opinion or order in this regard."  (*Id.* 2).  Finally, the Joint Stipulation noted that Plaintiffs reserved their rights to appeal any all claims against Defendants in the event the appeal was successful and the June 13 Order reversed.  (*See id.*).

Accompanying the Joint Stipulation was a Joint Notice of Filing Proposed Dismissal and Final Judgment and Renewed Motion ("Joint Notice") [ECF No. 1262].  The Joint Notice observed that Plaintiffs wished to include their language about "sufficient evidence" to proceed to trial in spite of the Court's *Daubert* ruling, and stated:

> Procter & Gamble recognizes that with this language included, the Proposed Order may not meet the Court's requirement that the parties submit a proposed order in support of the entry of a dismissal with prejudice and final judgment that preserves Plaintiffs' right to appeal.  Moreover, Procter & Gamble has maintained that Plaintiffs' insistence that they may proceed to trial as they have argued is contrary to applicable law and therefore unnecessary and a waste of judicial resources. . . . *To the degree the Court believes the Proposed Order is sufficiently final in nature to enable the Plaintiffs to appeal the rulings of the Court, Procter & Gamble is willing to accept the Proposed Order as submitted.*  To the degree the Court deems the Proposed Order unacceptable, and Plaintiffs do not agree to submit an acceptable proposed order, Procter & Gamble renews its request for the

opportunity to address this remaining issue through immediate summary judgment briefs.

(Joint Notice 1–2) (emphasis added).

On January 4, 2012, the Eleventh Circuit issued an order dismissing Plaintiffs' appeal for lack of jurisdiction given that Plaintiffs had consistently maintained at the June Hearings and in the Joint Stipulation that they could prove causation with evidence not excluded by the June 13 Order. (*See* Eleventh Circuit Order [ECF No. 1757-12] 1–2). The Eleventh Circuit acknowledged that under *OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344 (11th Cir. 2008), a plaintiff could be adverse to a final judgment entered following a stipulation "expressly based on the undisputed case-dispositive nature of the contested interlocutory ruling," thus providing for appellate jurisdiction over the ruling. (*Id.* 2). The court noted that in *OFS Fitel*, there were three critical elements to appellate jurisdiction under those circumstances — 1) the order at issue was "case-dispositive because it foreclosed [plaintiff] from presenting the expert testimony required to prove professional negligence, which was a core element in all of its claims"; 2) the plaintiff's attorney "candidly informed the district court of the impact of its sanctions ruling on the plaintiff's case"; and 3) "importantly, the district court here agreed with [plaintiff's] counsel's suggestion that the sanctions ruling was case-dispositive." (*Id.* (quoting *OFS Fitel*, 549 F.3d at 1358)). According to the Eleventh Circuit Order, Plaintiffs failed to meet the second and third prongs of *OFS Fitel* due to their disputing the case-dispositive nature of the June 13 Order. (*See id.* 3). Notably, under the second prong, what is essential is "the party informing the court that the order was dispositive, not whether the order was actually dispositive." (*Id.*).

Plaintiffs assert that they argued to the Eleventh Circuit that "this Court's *Daubert* rule was effectively case-dispositive." (Mot. 16). Nevertheless, the second and third prongs,

according to Plaintiffs, are additional requirements reflecting a "novel reading of *OFS Fitel*," (Mot. 9; *see id.* 16–17). Plaintiffs state that Defendants will not be prejudiced by relief under Federal Rule 60(b), given that the parties have proceeded as if the Final Judgment were tentative pending appeal. (*See id.* 18).

Defendants contend in their Response that while "[a]ll parties wanted to see an appeal of this Court's *Daubert* ruling," it was Plaintiffs who "insisted on pursuing such an appeal while reserving the position that they could go to trial even after the *Daubert* ruling;" noting that Defendants had opposed this position, which the Court did not endorse. (Resp. 1). Defendants emphasize that rather than there being a mistake, Plaintiffs made a "unilateral, strategic choice" to maintain that they could prove general and specific causation only with the testimony of their treating physicians. (*Id.*). In the Joint Notice, Defendants explicitly expressed their reservations to the language Plaintiffs included in the Joint Stipulation, so Plaintiffs were on notice as to the risk created by that language. (*See id.* 2). Defendants also stated to the Eleventh Circuit that jurisdiction was "a close question" due to Plaintiffs' position. (*Id.* 4).

Defendants assert that to the extent Plaintiffs were simply mistaken in the legal consequences of their action, they are not entitled to relief under Federal Rule 60(b). (*See id.* 5–6 (citing *Citibank N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1505 (11th Cir. 1990) ("[A]n attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from a judgment under Rule 60(b)."); *Eskridge v. Cook Cnty.*, 577 F.3d 806, 810 (7th Cir. 2009); *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986); *Federal's Inc. v. Edmonton Inv. Co.*, 555 F.2d 577, 583 (6th Cir. 1977)))). Defendants further contend they will be unfairly prejudiced if forced to conduct further proceedings based on Plaintiffs' position that they continue to have sufficient evidence to go to trial. (*See id.* 9).

Plaintiffs, nevertheless, reiterate their understanding that all parties had agreed the Final Judgment was appealable notwithstanding Plaintiffs' reservation regarding the non-excluded evidence. (*See* Reply 1–2). Plaintiffs further emphasize the significance of the Court's acceptance of the Joint Stipulation and entry of the Final Judgment, reflecting the Court's satisfaction the latter was appealable. (*See id.* 3). They distinguish the cases Defendants cite and describe the severe prejudice that will result if the relief sought is not granted and all right to appeal the June 13 Order is foreclosed. (*See id.* 8).

The Court agrees with Plaintiffs that under the unique circumstances of this case, relief from the Final Judgment is warranted. In particular, the Court is influenced by the third prong of the *OFS Fitel* test — that the district court must clearly indicate the interlocutory ruling is case-dispositive. (*See* Eleventh Circuit Order). The June 20 Order unequivocally directed the parties to file a joint stipulation preserving the right to appeal the June 13 Order. This could only have been done so long as the requirements of *OFS Fitel* were met. In the Joint Stipulation, the parties unmistakably stated that they sought a dismissal in light of the June 13 Order. At the same time, Plaintiffs clearly stated their position that there remained sufficient evidence to proceed to trial, and Defendants just as clearly outlined not only their reservations to that position but the possible implications of it on appeal. Nevertheless, on the basis of the Joint Stipulation the Court issued the Final Judgment. As a result, the Court's ruling effectively implied its view that the June 13 Order was case-dispositive, without making an explicit finding to that effect. The Eleventh Circuit found:

> [T]he district court was unclear on its view of the matter. It stated that the case 'was in big trouble,' and discussed the possibility of a stipulated dismissal with leave to appeal the exclusionary order, but never affirmatively stated that the order was dispositive, or that the Chapmans' belief that they could establish causation despite the ruling was incorrect.

(Eleventh Circuit Order 3).  The Court's intent was evidently set forth in the June 20 Order. Insofar as the Final Judgment did not reflect the Court's intent pursuant to the Eleventh Circuit's finding on Plaintiffs' appeal, the Court finds it equitable to grant the present Motion pursuant to Federal Rule 60(b)(1).

The Court finds the authorities cited by Defendants do not require denial of the Motion. Some cases apply an extra-deferential standard of review of the *denial* of a Federal Rule 60(b) motion that is not applicable here.  *See Eskridge*, 577 F.3d at 809 ("[O]ur review is perhaps even more deferential because we address the district court's reconsideration of its own Rule 60(b) analysis"); *Federal's*, 555 F.2d 577 (reviewing district court's decision to affirm bankruptcy court's denial of Rule 60 motion).  The decision in *Nemaizer*, however, and the discussion of same in *Citibank*, is more instructive.  In *Nemaizer*, the court found the district court abused its discretion when it granted a Federal Rule 60(b) motion after the plaintiffs belatedly realized a subsequent suit would be barred by an earlier stipulation the district court had incorporated into an order of dismissal.  *See* 793 F.2d 58.  The district court agreed to modify the earlier dismissal order to allow the plaintiffs to raise certain claims in their subsequent suit.  *Id.* at 60.  The court in *Citibank* analyzed the *Nemaizer* decision, noting that "[i]n *Nemaizer*, there was no statement in any settlement document or court order of dismissal that all claims were not dismissed or that certain claims were reserved."  904 F.2d at 1505.  Here, however, there were numerous statements in the Joint Stipulation, Joint Notice, and at the June Hearings indicating the parties' mutual intent.  The court did state that although in *Citibank* there were statements in the settlement agreement and order of dismissal indicating the parties' intent, it would not reverse the district court's *denial* of a Federal Rule 60(b) motion, but that result does not mandate a specific outcome here.  *See id.*  The *Citibank* court acknowledged that the result would be the

Case 1:09-md-02051-CMA   Document 1827   Entered on FLSD Docket 05/31/2012   Page 8 of 9

Case No. 09-2051-MD-ALTONAGA

same even if the district court had the power to grant relief, given the abuse-of-discretion standard of review. *See id.* Therefore, the Court does not find *Nemaizer* and *Citibank* require the conclusion that granting the present Motion would be an abuse of discretion.

Otherwise, the cases Defendants cite stand for the black-letter proposition that attorney error alone in evaluating legal consequences of positions taken is not a basis for relief under Federal Rule 60(b). While Plaintiffs' attorneys may have erred in insisting upon the inclusion of the language at issue in the Joint Stipulation, particularly given the ample notice provided by Defendants of the potential consequence of this language, this speaks largely to the second prong of *OFS Fitel*. While the Court agrees that error on the part of Plaintiffs' attorneys alone would not justify Federal Rule 60(b) relief, the Court grants the Motion on the basis of the Eleventh Circuit's finding as to the third prong of *OFS Fitel*, as discussed above.

The Court is moreover persuaded that other reasons militate in favor of granting relief from the Final Judgment. *See* FED. R. CIV. P. 60(b)(6). If the case-dispositive nature of the June 13 Order was disputed, all parties and the Court at least agreed on the key significance of that Order to the merits of this and related cases. All parties and the Court agreed on the advisability of an appeal of the June 13 Order to provide greater clarity to this litigation going forward. The foreclosure of any possibility of appeal of the June 13 Order is not a result the parties or the Court anticipated or desired. The Court finds compelling reasons to grant the present motion and vacate the Final Judgment.

### III.  CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion Pursuant to Rule 60(b) for Relief from Final Judgment **[ECF No. 1757]** is **GRANTED**.  The Final Judgment of Dismissal With Prejudice **[ECF No. 1283]** is **VACATED**.  By June 15, 2012, the parties shall jointly submit either: a) a stipulation for dismissal with prejudice in conformity with the requirements for appellate jurisdiction; or b) a proposed expedited schedule for summary judgment briefing in this matter.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of May, 2012.

_____

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record